Good morning, your honors. Vina Silam, Federal Defenders, on behalf of Mr. Sambrano. I will aim to reserve two minutes of time if I may. This court should reverse and remand for three reasons. First, the district court found that there was no rehabilitation when there had been. Second, the gang paraphernalia condition needs to include language that it must be known to Mr. Sambrano and it should be limited only to his former gang. And finally, the district court did not explain why it imposed a suspicionless electronic search condition. The district court was wrong when it said that Mr. Sambrano was being irresponsible while on supervised release. This went against all evidence of his rehabilitation and his clean record since his daughter's birth. The court erred when it said Mr. Sambrano was putting it on the court to allow you to spend time with your daughter when you haven't been taking actions that are responsible so that you can be with your daughter. That's at ER 24. I'd like to next address the this court's holding in bear regarding the electronic search condition, a suspicionless search condition in particular. This court held that imposing an electronic search condition, the district court must make a factual finding establishing a nexus between computer use and one of the established goals of supervised release. This simply was not done in this case. Although there was a discussion in the record about Mr. Sambrano's alleged social media use, the court made no finding about it. And it made no finding as to why a suspicionless search condition covering all of Mr. Sambrano's electronic devices was necessary to meet one of the goals of supervised release. This type of condition substantially limits Mr. Sambrano's Fourth Amendment right to be free from unreasonable searches and seizures and also represents a substantial intrusion upon his personal privacy and dignity. So you're trying to get that heightened standard under the significant liberty interest, right? That's not the argument I'm making, Your Honor. I'm simply noting that there is a distinction between the suspicionless search condition and a more general search condition which has been, I think, more freely doled out by district courts. So if we're not under that heightened standard, then it's just is there reasoning evident from the for why the court thought that this was necessary and why wouldn't that be satisfied where here we know from the probation office investigation that social media is a factor in terms of showing whether he's actually being compliant with his requirements and acting lawfully? Well, Your Honor, I think this court in Behr, it didn't specify that this was under the significant liberty standard, but it did make an explicit holding that a factual finding establishing the nexus between computer use and between one of the goals of supervised release is necessary. Sometimes I'm asking, like, why isn't that nexus met given what this record showed that the evidence of his, some of his unlawful activity was directly connected to his online activity? Because under Behr, the court needs to actually have made a factual finding which in this case it did not. So there was discussion. The probation officer proffered some information about Mr. Simbrano's alleged social media use and then defense counsel objected, said we don't have this information, we'd like more time to review it. They come back for a second second sentencing hearing and again the social media use is discussed a little bit, but the court does not make a finding adopting one way or another. Essentially, probation is... Is it a middle, I'm just trying to, so doctrinally we have significant liberty interest heightened standard, we have not significantly liberty interest, typically just is the reasoning evident on the record, and you're advocating for some sort of middle standard? Right, I'm advocating that Behr has made a finding that for a heightened, there is a heightened liberty interest in this case. I don't know, it's not clear from this, the holding in Behr whether it's applying the same significant liberty interest standard. I think it would be reasonable to do so, but what is clear from Behr is that it is required for the court to make the finding. So in this case, the court not only made no factual finding as to whether there was problematic social media use, but they also, the court made no factual finding as to why electronic search needed to occur, suspicionless electronic search needed to occur in order to promote the goals of supervised release. And I think under Behr it's clear that that nexus has to explicitly be stated, because in Behr it says once a district court meets the nexus requirement outlined above, which is making a factual finding establishing some nexus between computer use and one of the goals articulated in 3553, then it's not an abuse of discretion for the district court to impose that condition. So if we were to disagree with you that there is some sort of heightened finding requirement in this context, where does that leave you? I believe even based on just looking at the record as a whole, it's still that the district court failed to make a finding that Mr. Cimbrano actually had been using social media in a problematic way while he was on supervised release. And so it would still, this would still need to be remanded for the district court to clarify, was it adopting what probation has proffered or was it believing what defense council had proffered that there was no indication that Mr. Cimbrano had had access to his electronic devices while he was in custody for the past 19 months. There's no indication of when these social media posts were made. So I think the requisite nexus, even if, even notwithstanding Behr, is not there. Moreover, the condition that was imposed is just far too broad. What was stated in the record was some posts on social media with an unclear timeline. So it's unclear why the district court needed to extend the suspicionless search to all electronic devices, including computers. I think there's a way to fashion this condition if the district court believes that probation should be able to look at Mr. Cimbrano's social media. Well, reading between the lines, it seems like the district court is thinking one of our sentencing goals or our supervision goals with this guy is to try to get him out of gang life and he communicates with other gang members electronically. And so then we need to be able to monitor those devices so that we can monitor his communication and see if he's actually removing himself from gang life. So if that's the thinking, it seems like the nexus is there. Well, I think that if that is the thinking, it needs to be made more clear on the record in order to justify such a significant intrusion on Mr. Cimbrano's privacy. And there is a way that even if that is the court's reasoning that it could be fashioned so that probation could look at text messages, phone calls, and social media. But it's not clear at all why this has to extend to all electronic devices, including computers. There's no nexus between the offense conduct here, between any facts brought up by probation or the government, or Mr. Cimbrano himself as to his computer use. And so I do think that a limitation would be proper. And prior to that, the district court does need to make the factual finding about what about the nexus in this case. The gang paraphernalia condition is also problematic for vagueness and over breadth reasons. The government argues that the vague, sorry, the knowledge requirement or the scienter requirement can be read into the condition. But I think that still leaves open the question of what is the appropriate mens rea. So with the gang paraphernalia condition saying that Mr. It's problematic because it doesn't specify that that knowledge has to be known to Mr. Cimbrano. It's also problematic because it doesn't specify that he has to wear the item with the purpose to be affiliated with the gang or to associate with that gang or represent that gang. So this condition is over broad because if Mr. Cimbrano is a Chicago Bulls fan and wants to wear a Bulls jersey, the probation officer could say this is a symbol of your support of the MS-13 gang. There's no reason why Mr. Cimbrano should be prohibited from wearing a Chicago Bulls jersey when he has no association with the MS-13 gang. So it's over broad even if a knowledge requirement is read into it that yes Mr. Cimbrano might know of that association from reading the news, but that doesn't mean that he's wearing that item with the intent to associate with that particular gang. And if there are no further questions for now, I'll save my remaining time. Good morning, Your Honors. May it please the Court, Dana Siegel for the United States. I would like to pick off where most of the questioning was while my colleague counsel was speaking to the Court. It is our position that the standard of review for the supervised release condition imposing a search of the electronic devices, including the computers, cell phones, etc., would fall under the ordinary standard of review and because it does not impose a particular significant liberty interest. Under Magdaleno and other precedent, it's clear that those significant liberty interests when there does need to be an explicit explanation and a special finding. For example, in Magdaleno, it was an intimate relationship. In other cases, it might be chemical castration or imposing anti-psychotic medication forcibly onto an individual. None of those are met here and actually in Behr, the Court makes kind of a contrary finding which does establish or at least infer that the regular standard would be met. The Court in Behr, 806 F3D 1011 1017, states, we have on occasion vacated conditions of supervised release, limiting use of computers with access to intranet. We have not taken such a heavy hand with respect to general conditions of personal computers and what's significant in Behr is that it's almost exactly identical to the supervised release condition that the Court imposed in this case. I believe there's maybe one extra word and a couple of the words kind of switch places. But so the Court already found that this would be a standard review and under Behr, there does need to be a factual finding establishing some sort of nexus between the computer use and the valid conditions or goals of 3583 or 3553. Here, that is apparent and in Garcia, although unpublished and not binding, the Court did find that the nexus can be apparent on the record in a case that was even less factually explicit than this one because there the Court simply relied on past conduct and then it says simply adopted the government's position although I'm not sure it stated what that was. So do you agree with me that or maybe is there, was there another nexus that you think the District Court was thinking about other than the one that I articulate about he's just wanting to monitor the defendant's gang involvement and seeing if he's actually stepping out as he's supposed to be? I agree with the Court, Your Honor. And the reasons for that is because as discussed in the briefing at multiple points in the record, it does appear that the only discussion of computers is with regard to the social media. Of course, social media can be accessed on a computer, a cell phone or any electronic device with internet. And the Court at multiple places does say, you know, for example, on ER 60, I accept that as you maintain some sort of social media and otherwise contact with your former if not former colleagues or your friends in the gang, that's a factual finding that would meet even a heightened standard because there is this specific finding by the District Court between wanting to monitor the defendant for goals of certainly rehabilitation because the defendant himself stated that he wanted to get out of the gang. And it's clear and evident from the record that he did continue his gang associations while on supervised release. We know that from the probation proffers, which is why the sentencing was continued once in the first place, that he was posting on social media, throwing gang signs, there were FI cards. As of the time he was on supervised release, his profile photograph was a picture of a wolf holding a firearm, which appears to be a direct relation to his gang, which is the Wolfpack gang. And the court did seem especially concerned with that at ER 18 and 19 with that photograph, which was apparent at least from when he was on supervised release. So that is a long way of saying, no, I agree with the court, Your Honor, on that. With regard to the other issues raised on appeal, none of them were preserved at the District Court. So of course, there is plain error review. Notably in the briefing, Sombrano does argue that it should be a different standard of review for each because he wasn't given the opportunity to object. However, after the court ruled on the second objection and kind of colloquially said that's all, the court did stay on the record. And at that point when it stayed on the record, that's when it actually gave the supervised release conditions, of course, which counsel and Sombrano were already aware because they were reimposed. But that would have been a very good opportunity during the silence of that moment to make further objections. We would ask that the court affirm the District Court's imposition of sentence, unless the court has any other questions. Thank you very much, counsel. My colleague mentioned a factual finding made, supposedly made by the District Court regarding Mr. Sombrano's social media activity. But I just want to clarify that was at ER 60. That was at the initial sentencing hearing. And immediately after the court said, I accept that there's been some social media activity, defense counsel objected and said, this sounds like it's going to be very important to the court's consideration of the sentence. So I want more time to look into this because I'm just finding out about this. That was the reason why the sentencing hearing got continued. At the final sentencing hearing, after both parties had time to consider the information provided by probation, there was further argument. And that's the key point where the District Court did not make a factual finding afterwards. It simply said, after hearing argument from both sides, it simply said, all right, and then began pronouncing sentence. But it didn't specify whether it believed that there had been problematic social media use. And regardless, it didn't connect overall computer use, overall electronic device use to the goals of supervised release. And even from what the government has indicated, it sounds like a restriction that would allow probation to only look at Mr. Sombrano's social media would be appropriate in this case, as opposed to extending to all electronic devices. Thank you very much to both sides for your argument. The matter is submitted.
judges: NGUYEN, FORREST, VANDYKE